UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONI LESOWITZ, | ) | CASE NO. 5:17-cv-2174 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| ROY TITTLE, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court are several motions related to defendants' failure to timely file an answer in this case. Defendants filed a motion for leave to file an answer (Doc. No. 49 ["Mot. for Leave"]), plaintiff filed a response in opposition (Doc. No. 52 ["Opp'n to Mot. for Leave"]), and defendants filed a reply (Doc. No. 53 ["Reply to Mot. for Leave"]). In addition, plaintiff has filed a motion for default judgment (Doc. No. 50 ["Mot. for Default"] and a motion to strike defendants' pending motion for summary judgment (Doc. No. 51 ["Mot. to Strike"]). Defendants have filed responses in oppositions to both motions (Doc. Nos. 54 ["Opp'n to Mot. to Strike"], 55 ["Opp'n to Mot. for Default"]) but plaintiff did not reply. For the reasons set forth herein, defendants' motion for leave to file an answer is GRANTED, plaintiff's motions to strike and for default judgment are DENIED.

I.  **BACKGROUND**

Due to the nature of the pending motions, a brief overview of this case's procedural history is needed. On October 13, 2017, plaintiff Toni Lesowitz ("plaintiff" or "Lesowitz"), filed a complaint against defendants, Officers Roy Tittle ("Tittle") and Kevin Brown ("Brown") (collectively "defendants"), alleging, among other things, civil-rights violations related to

Lesowitz's arrest on October 16, 2015. (*See* Doc. No. 1 at 3[1].) Approximately two months after filing the complaint—and before defendants were served—Lesowitz filed an amended complaint against the defendants. (*See* Doc. No. 5.) On December 29, 2017, the parties filed a stipulation for leave allowing defendants additional time to answer or otherwise respond to the amended complaint. (Doc. No. 7.) The Court approved the parties' stipulation and instructed defendants to plead or otherwise responds to the amended complaint by January 26, 2018. (Non-document order, dated Jan. 2, 2018.) On that date, defendants filed a timely motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 10.) Rather than oppose defendants' motion to dismiss, Lesowitz filed a motion for leave to file a "re-amended complaint" (hereinafter, "second amended complaint"). (Doc. No. 13.) Defendants opposed the motion. (Doc. No. 14.) On August 21, 2018, the Court granted Lesowitz's motion for leave to file a second amended complaint and dismissed defendants' motion to dismiss the original complaint as moot. (Doc. Nos. 15, 16.)

On September 10, 2018, Lesowitz's counsel filed a motion to withdraw. (Doc. No. 18.) The Court granted the motion on the condition that counsel notify Lesowitz of the upcoming case management conference and instruct her that, if she was not represented by new counsel, she must participate in the conference pro se.[2] (Doc. No. 19). Lesowitz and counsel for defendants attended a case management conference on September 27, 2018, at which time Lesowitz notified the Court that she wanted the second amended complaint to serve as the operative complaint. (Minutes of Proceedings, dated Sept. 27, 2018.) Lesowitz filed her second amended complaint on September 28, 2018. (Doc. No. 25.) On October 12, 2018, defendants filed a timely motion to dismiss the second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 27.) The Court issued

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

[2] Lesowitz's current counsel entered an appearance in this case on October 24, 2018. (Doc. No. 29.)

2

a Memorandum Opinion and Order on July 10, 2019, denying defendants' motion. (*See* Doc. No. 36.)

Thereafter, as instructed by the Court, the parties submitted joint proposed case management dates and the Court issued an amended case management plan and trial order. (*See* Doc. No. 38.) The case then proceeded in accordance with the Court's case management plan and trial order. The parties engaged in discovery and, on March 16, 2020, defendants filed a motion for summary judgment. (*See* Doc. No. 44.) That motion is now fully briefed and pending before this Court.

While considering the pending summary judgment motion, the Court noticed that defendants failed to answer the complaint following the Court's denial of defendants' motion to dismiss the second amended complaint. On June 4, 2020, a telephonic conference was held between the Court and counsel for both parties to discuss the issue. Neither party had noticed the procedural deficiency until the Court brought it to the parties' attention. The Court and parties discussed the case's confusing procedural path and discussed that the multiple amended complaints and motions to dismiss might have caused counsel's inadvertence in failing to file an answer. Plaintiff's counsel candidly stated that defendants' inadvertence did not prejudice the parties or interfere with the administration of the case. (*See* Minutes of Proceedings, dated June 4, 2020.) On June 10, 2020, defendants' counsel filed the instant motion seeking leave to file an answer pursuant to Fed. R. Civ. P. 6(b)(1)(B), arguing that his failure to act was due to excusable neglect. As mentioned above, plaintiff opposes defendants' motion to file an answer and, in addition, moves to strike defendants' pending motion for summary judgement and seeks a default judgment. The Court will address each of these motions in turn.

## II. DISCUSSION

### A. Plaintiff's Motion for Default Judgment

Lesowitz's motion for default judgment is denied. As an initial matter, the motion is procedurally deficient. Obtaining a default judgment in federal court is a two-step process. When a party fails to plead or otherwise defend an action—which, as the Court discusses below, is not the case here—a plaintiff must request an entry of default from the Clerk of Court. Fed. R. Civ. P. 55(a). After the Clerk enters default, the plaintiff must then move the Court for an entry of default judgment. Fed. R. Civ. P. 55(b). Lesowitz never sought entry of default from the Clerk and, as such, did not follow the two-step process required to obtain a default judgment under the federal rules. Therefore, the motion for default judgment (Doc . No. 50) must be denied.

Notwithstanding its procedural defects, Lesowitz's motion for default judgment is without merit. Default judgments are only appropriate when a defendant fails to plead or otherwise defend an action. *See* Fed. R. Civ. P. 55(a). As the Sixth Circuit has made clear, a motion for default judgment is not proper when a defendant "otherwise defend[s]" an action by filing a motion to dismiss. *Nwabue v. Wayne State Univ. Sch. of Med.*, 513 F. App'x 551, 552 (6th Cir. 2013). Here, there is no doubt that defendants have defended—and actively participated in—this action by filing two motions to dismiss (Doc. Nos. 10, 27), engaging in discovery, participating in conferences with the Court, and filing a motion for summary judgment (Doc. No. 44). Accordingly, even setting aside its procedural deficiency, Lesowitz's motion is without merit and must be denied.

### B. Plaintiff's Motion to Strike

Lesowitz's motion to strike defendants' motion for summary judgment is also denied. Rule 12(f) permits a court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added).

4

Defendants' motion for summary judgment is not a pleading and, therefore, is not subject to striking under Rule 12(f). *See Lucas v. JBS Plainwell, Inc.*, No. 1:11-cv-302, 2011 WL 5408843, at *1 (W.D. Mich. Nov. 8, 2011) ("By its terms, Rule 12(f) applies only to a 'pleading,' which is defined in Rule 7(a) to include only complaints, counterclaims, cross-claims, third-party complaints, and answers to those documents. A memorandum of law is decidedly not a 'pleading' that may be the object of a motion to strike under Rule 12(f).").

In addition to the fact that the federal rules do not provide for the relief that Lesowitz seeks, her precise grievance does not justify discarding defendants' entire motion for summary judgment. The entirety of Lesowitz's motion to strike reads as follows:

> Plaintiff Toni Lesowitz respectfully moves this honorable court to strike the motion for summary judgment. The [d]efendants never filed an answer and thereby waived qualified immunity by also not raising it in their pre-answer motions to dismiss.

(Mot. to Strike at 330.) It is clear that Lesowitz's grievance relates to defendants' potential waiver of qualified immunity by failing to assert the defense earlier in this case. Lesowitz is correct that qualified immunity is an affirmative defense that may be waived if a defendant fails to assert it in a responsive pleading. *See Henricks v. Pickaway Corr. Inst.*, 782 F.3d 744, 750–51 (6th Cir. 2015) (recognizing that defendants' failure to plead qualified immunity "at the very least subject[ed] them to the possibility of waiver"). It does not follow, however, that defendants' entire motion for summary judgment must be discarded simply because they failed to raise the defense of qualified immunity earlier in the case.

True, defendants mention qualified immunity in various headings and subheadings throughout their summary judgment motion. But courts construe filing on their substantive content and not by the headings or labels contained therein. *Red Hed Oil, Inc. v. H.T. Hackney Co.*, No. 5:17-cv-180-JMH, 2018 WL 5499642, at *1 (E.D. Ky. Oct. 29, 2018). And a plain reading of defendants' motion for summary judgment indicates that, in addition to asserting qualified

5

immunity, defendants challenge the substance of Lesowitz's claims. (*See* Doc. No. 44). As such, even if defendants did waive qualified immunity[3]—an issue that is not properly before the Court and that the Court need not decide for purposes of resolving the instant motions—it would be inappropriate to discard defendants' entire motion for summary judgment. As such, Lesowitz's motion to strike defendants' motion for summary judgment (Doc. No. 51) is denied.

### C. Defendants' Motion for Leave

Defendants' motion for leave to file an answer (Doc. No. 49) is granted. Under Rule 12, defendants were required to file their answer within 14 days after the Court ruled on its motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A). When a party fails to timely file a responsive pleading, the court may, for good cause shown, extend the time to file an answer "on [a] motion made after the time [to file] has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "'Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness.'" *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 428 (6th Cir. 2006) (quoting *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). Whether neglect is excusable is determined using an equitable balance of five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith."

---

[3] In deciding whether a defendant waived an affirmative defense by failing to include the defense in its pleading, courts pay particular attention to whether the plaintiff would be prejudiced by allowing a defendant to assert the defense at a later stage. *Henricks*, 782 F.3d at 751; *Brent v. Wayne Cty. Dep't of Human Servs.*, 901 F.3d 656, 680 (6th Cir. 2018) (recognizing that the purpose of requiring affirmative defenses to be raised in the first responsive pleading "is to give the opposing party notice of the affirmative defense and a chance to rebut it. Thus, if a plaintiff receives notice of an affirmative defense by some means other than pleadings, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice") (internal quotation marks and citations omitted). The Court notes that defendants' motion for summary judgment was fully briefed and neither party raised the issue of defendants' deficiency—indeed neither party noticed the issue. Lesowitz's response in opposition to defendants' motion for summary judgment did not identify defendants' failure to raise qualified immunity at an earlier time. It was not until the Court brought the deficiency to her attention that Lesowitz claimed to have been prejudiced.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

The Supreme Court has noted, however, that "although mere inadvertence does not usually constitute excusable neglect under Rule 6(b), the term is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Morgan*, 165 F. App'x at 429 (quoting *Pioneer*, 507 U.S. at 392) (internal quotation marks omitted). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the moving party's omission." *Id.* (citation and quotation marks omitted). "In other words, depending on the equities, mere inadvertence may warrant an enlargement of time under Rule 6(b)." *Id.* The Court will now consider each of the five excusable neglect factors in turn.

*Danger of Prejudice:* In the particular circumstances of this case, the Court finds little, if any, prejudice to the plaintiff. The parties have thoroughly litigated this case in good faith for nearly three years without noticing defendants' oversight. Indeed, the deficiency was not raised by Lesowitz, but by the Court. Further, there is no indication that this case would have proceeded any differently if the answer had been timely filed. In fact, plaintiff's counsel acknowledged as much during the June 4, 2020 status call with the Court.

Lesowitz now claims, however, that allowing defendants to file an answer at this stage will prejudice her because defendants "have waived the affirmative defenses they [seek to raise] in their answer." (Opp'n to Mot. for Leave, at 336.) However, as mentioned above, Lesowitz never addressed this issue in her opposition to defendants' summary judgment motion. She never mentioned waiver or prejudice and, indeed, did not even recognize that defendants failed to assert the defense earlier. It was not until after the Court brought the issue to the parties' attention—after Lesowitz responded to the motion for summary judgment and briefing on the motion was

7

complete—that Lesowitz claimed to have been prejudiced by the deficiency. The issue of whether defendants waived qualified immunity is separate from whether defendants should be permitted to file an answer. As such, taking into account the unique circumstances of this case, and the manner in which the matter has been litigated thus far, any prejudice to plaintiff is slight and this factor weighs in favor of excusable neglect.

*Length of Delay and Impact on the Proceedings:* Defendants' answer was due almost one year ago, on July 24, 2019. *See* Fed. R. Civ. P. 12 (a)(4)(A) ("[I]f the court denies the motion [to dismiss] … the responsive pleading must be served within 14 days after notice of the court's action…."). But while the length of the delay is great, the impact on the proceedings has been slight. The delay does not necessitate modifying any dates or deadline and the parties do not need to conduct any additional discovery. Indeed, defendants' failure to file an answer has caused virtually no delay in the progression of this case. Given the conflict between the long delay in defendants' filing, but the slight impact on the proceedings, this factor neither weighs for nor against a finding of excusable neglect.

*Reason for the Delay:* It is undisputed that defendants' failure to file an answer was due to "counsel's inadvertence to recognize the [a]nswer had not been filed." (Mot. at 319.) Attorney error or inadvertence "will not ordinarily support a finding of excusable neglect…." *Morgan*, 165 F. App'x at 429; *see also Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 5 (1st Cir. 2001) ("[T]he excuse given for the late filing must have the greatest import.") (citations and quotation marks omitted). Because attorney inadvertence or mistake generally does not constitute excusable neglect, this factor weighs against permitting defendants' requested relief.

*Whether the Delay was Within Defendants' Control:* Here, defendants' counsel admits, "there is no question that the failure to file an [a]nswer was within [d]efendants' control. (Mot. at

8

319.) Defendants were required to serve their responsive pleading within 14 days of this Court's ruling on their motion to dismiss. *See* Fed. R. Civ. P. 12(a)(4)(A). But due to his own inadvertence, defendants' counsel failed to comply with the filing deadline.[4] This factors also weighs against permitting defendants' untimely filing.

*Whether Defendants Aced in Good Faith:* The Court finds that defendants acted in good faith. This is not a case where defendants failed to defend such that entry of default would be appropriate. *See Romero v. Barnett*, No. DKC 09-2371, 2011 WL 1938147, at *2 (D. Md. May 20, 2011) (citations omitted). Instead, "defense counsel thoroughly litigated [several] potentially dispositive motion[s] on behalf of his clients and simply neglected to file an answer to the complaint thereafter." *Id.* This oversight was not raised by Lesowitz, but by the Court, during its June 4, 2020 status call. In fact, during that call, counsel for both parties recognized that this case had been litigated in good faith since its inception. Defendants' counsel has candidly acknowledged his error and has promptly moved to correct it. This factor weighs in favor of excusable neglect.

On balance, weighing all excusable neglect factors, the Court finds that defendants have established excusable neglect under Fed. R. Civ. P. 6(b)(1)(B). Because defendants' failure was the result of excusable neglect—and in light of the strong policy favoring adjucating cases on the merits—the Court finds that equity favors permitting defendants' requested relief.

---

[4] Lesowitz makes the bewildering argument that defendants' failure to file an answer was the result of a "tactical choice, really only open to police officers and other agents of the government, to repeatedly pursue pre answer [motions to dismiss]." (Opp'n to Mot. for Leave at 334.) Lesowitz appears to suggest that defendants should not be permitted to file an answer because they filed a pre-answer motion to dismiss. (*Id.* ["The defendants made a strategic choice to pursue pre answer litigation [sic]. They did not do this in bad faith, but they could just have easily have [sic] chosen to answer the complaint rather than spend considerable time fighting on the pleadings…."].) Lesowitz provides no authority for the assertion that courts should consider whether a defendant filed pre-answer motions to dismiss when determining whether excusable neglect exists—and the Court is aware of none.

### III. CONCLUSION

For the reasons set forth herein, plaintiff's motions for default judgment (Doc. No. 50) and to strike defendants' motion for summary judgment (Doc. No. 51) are both **denied**. Defendants' motion for leave to file an answer (Doc. No. 49) is **granted.** Defendants shall file their answer, in the same form as the proposed answer appended to the instant motion, on or before July 6, 2020.

**IT IS SO ORDERED**.

Dated: July 2, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**